By the Court, Bronson, J.
If the relator has a legal right to the money which he claims, there is some reason for saying that his remedy was by action, and not by the writ of mandamus. (Boyce v. Russell, 2 Cowen, 444; Ex parte Lynch, 2 Hill, 45; id. 46, note; Ex parte The Fireman’s Insurance Company, ante,p. 243.) But it is not necessary to decide that question, for he has no title to the money. Although the fact does not appear in the papers, it was said, ahd I shall assume, that the relator was acquitted of the charges brought against him in the court of common pleas. Still, the expenses of his defence have not been made a charge upon the county, and the board of supervisors had no authority to allow the account or any part of it. They have only such powers as have been conferred upon them by the legislature, and there is no statute which gives any color for saying that they could indemnify the relator against the expenses of his defence. (1 R. S. 366, § 4; id. 385, § 3; Slat. 1838, p. 314, § 1.) It is not unlike the case of a party indicted for a crime, and acquitted on the trial. He gets no indemnity from the public treasury. And whatever appearance of justice there may be in charging the expenses of the accused upon the county, it is enough for us to say that this consideration addresses itself exclusively to the legislature.
If this had been a case where the supervisors had authority to allow the claim, I agree that it would have been the duty of the treasurer to pay, without inquiring whether the account was *246 allowed upon insufficient evidence, or at too large an amount.(a) But here, the supervisors had no jurisdiction over the subject matter, and that fact appeared upon the face of the account which was presented for payment. Their act was a mere nullity, and it was the duty of the treasurer to withhold payment. As we entertain no doubt upon this point, it is unnecessary to consider the other questions which were made upon the argument.
Motion denied.

 See The People ex. rel. Onderdonk v. The Supervisors of Queens County, (1 Hill, 195.)